1  COX WOOTTON LERNER
   GRIFFIN & HANSEN LLP
2  Galin G. Luk (SBN 199728)
   Thomas M. Fedeli (SBN 314647)
3  900 Front Street, Suite 350
   San Francisco, CA 94111
4  Tel: (415) 438-4600
   Fax: (415) 438-4601
5  gluk@cwlfirm.com
   tfedeli@cwlfirm.com
6
   Attorneys for Co-Applicant
7  YANG MING MARINE TRANSPORT CORP.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10 In re Application of                          ) Case No.: 8:21-mc-00016
   YANG MING MARINE TRANSPORT                    )
11 CORPORATION                                   ) **EMERGENCY VERIFIED PETITION OF**
                                                 ) **YANG MING MARINE TRANSPORT**
12              Applicant,                       ) **CORP. FOR AN ORDER PURSUANT TO**
                                                 ) **FED. R. CIV.P. RULE 27 TO PRESERVE**
13                                               ) **TESTIMONY AND EVIDENCE AND AN EX**
   For Order Authorizing Discovery Pursuant to  ) **PARTE APPLICATION PURSUANT TO 28**
14 FRCP RULE 27 And/Or For Use In Foreign        ) **U.S.C. § 1782 TO OBTAIN ORDER FOR**
   Proceedings Under 28 U.S.C. § 1782           ) **DISCOVERY FOR USE IN FOREIGN**
15                                               ) **PROCEEDINGS**
                                                 )
16                                               )
                                                 ) [Filed Concurrently with Declaration of Zeb
17                                               ) Yang, Declaration of Andrew Ridgen Green,
                                                 ) [Proposed] Order]
18                                               )
                                                 )
19 _____ )

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2   I.      INTRODUCTION ......................................................................................................... 1

3   II.     STATEMENT OF FACTS ........................................................................................... 1

4   III.    Federal Rules of Civil Procedure, Rule 27 Petition ................................................... 2

5           A.      General Principles............................................................................................ 2

6           B.      YM has satisfied all of the Requirements of Rule 27..................................... 5

7                   i. Rule 27 (A)- that the petitioner expects to be a party to an action
                    cognizable in a United States court but cannot presently bring it or
8                   cause it to be brought.................................................................................... 5

9                   ii. Rule 27 (B) - the subject matter of the expected action and the
                    petitioner's interest......................................................................................... 6

10

11                  iii. Rule (C) The facts that the petitioner wants to establish by the
                    proposed testimony and the reasons to perpetuate it. ................................... 6

12                  iv. Rule 27 (D) the names or a description of the persons whom the
                    petitioner expects to be adverse parties and their addresses, so far as
13                  known.7

14                  v. Rule 27 (E) the name, address, and expected substance of the
                    testimony of each deponent. .......................................................................... 8

15

16                  vi. Summary as to Rule 27 ............................................................................. 9

17   IV.    28 U.S.C. § 1782 APPLICATION ............................................................................... 9

18           A.      Petitioner's § 1782 Application should be Granted *Ex Parte* .......................... 9

19           B.      Petitioner Satisfies the Statutory Requirements of § 1782............................ 10

20           C.      Discretionary Factors Weigh in Favor of Granting YM's Application........................ 11

     V.      CONCLUSION ........................................................................................................... 13
21

22

23

24

25

26

27

28

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER
PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE
IN FOREIGN PROCEEDINGS

1

2

# TABLE OF AUTHORITIES
## Cases

3

<u>Akebia Therapeutics, Inc. v. Fibrogen, Inc.</u>, 793 F.3d 1108, 1109–10 (9th Cir. 2015) ................. 10, 12

4

<u>Ash v. Cort</u>, 512 F.2d 909, 911 (3d Cir.1975)............................................................................. 2

5

<u>Deiulemar Compagnia di Navigazione S.P.A. v. M/V Allegra</u>, 198 F.3d 473, 479 (4th Cir. 1999).. 2, 3, 4

6

<u>Dresser Indus. v. United States</u>, 596 F.2d 1231, 1238 (5th Cir.1979) ..................................... 3

7

<u>Euromepa, S.A. v. R. Esmerian, Inc.</u>, 51 F.3d 1095, 1100 (2d Cir. 1995).............................. 12

8

<u>Federal Ins. Co. v. Union Pac. R.R. Co.</u>, 651 F.3d 1175, 1179-80 (9th Cir. 2011) ............... 5

9

<u>Ferro Union Corp. v. S.S. Ionic Coast</u>, 43 F.R.D. 11, 14 (S.D.Tex.1967) .............................. 4

10

<u>Gushlak v. Gushlak</u>, Nos. 11-2584-cv, 11-3808-cv, 2012 U.S. App. LEXIS 13535, at *3 (2d Cir. July 3, 2012)................................................................................................................ 10

11

12

<u>HRC-Hainan Holding Co. LLC v. Yihan Hu</u>, 2020 WL 906719 (N.D. Cal. Feb. 25, 2020)............... 11

13

<u>Husayn v. Mitchell</u>, 938 F.3d 1123 (9th Cir. 2019) ............................................................. 10

14

<u>In re Application to Obtain Discovery for Use in Foreign Proceedings (FedEx)</u>, 939 F.3d 710, 723 (6th Cir. 2019)........................................................................................................... 11

15

<u>In re Deiulemar Di Navigazione S.p.A</u>, 153 F.R.D. 592, 1004 A.M.C. 2250 (E.D. La. 1994) .............. 4

16

<u>In re Dubey</u>, 949 F. Supp. 2d 990, 992 (C.D. Cal. 2013)...................................................... 11

17

<u>In re HRC-Hainan Holding Co. LLC</u>, No. 20-15371 (9th Cir. March 4, 2020).................................. 11

18

<u>In re in re: Golden Root Invs. Pte</u>, No. EDMC19-11 JGB (KKx), 2019 U.S. Dist. LEXIS 227805, at *1 (C.D. Cal. Sep. 6, 2019) ................................................................................. 11

19

<u>In re Letters Rogatory from Tokyo Dist.</u>, 539 F.2d 1216, 1219 (9th Cir. 1976).............................. 9, 11

20

<u>In re Petition of Chao</u>, No. 08 mc 56, 2008 WL 4471802 (N.D. Iowa Oct. 2, 2008) ........................... 4

21

<u>In the Matter of Deiulemar Compagnia de Navegazione S.P.A. v. Pacific Eternity, S.A.</u>, 198 F.3d at 47 ......................................................................................................................... 3

22

<u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241, 246, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004) .................................................................................................... 10, 11, 12, 13

23

24

<u>Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.</u>, 561 U.S. 89 (2010) ............................................. 8

25

<u>Khrapunov v. Prosyankin</u>, 931 F.3d 922, 925 (9th Cir. 2019) ............................................... 10

26

<u>Koch Fuel Int'l v. M/V South Star</u>, 118 F.R.D. 318, 320 (E.D.N.Y.1987).......................................... 4

27

<u>Messeller v. United States</u>, 158 F.2d 380, 382 (2d Cir.1946) .................................................. 3

28

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

MetaLab Design, Ltd. v. Zozi Int'l, Inc., No. 17-mc 80153-MEJ, 2018 U.S. Dist. LEXIS 5448, at *4 (N.D. Cal. Jan. 11, 2018)................................................................................. 13

Nat'l Broad. Co., Inc., v. Bear Stearns & Co., Inc., 165 F.3d 184 (2d Cir. 1999) .............................. 11

Nichimen Company, Inc. v. M. v. Farland v. Seaboard Shipping Co., Ltd., 462 F.2d 319 (2d Cir. 1972) ................................................................................................................................. 8

Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office), 16 F.3d 1016, 1019 (9th Cir. 1994) ............................................................................ 11

Penn Mut. Life Ins. Co. v. United States, 68 F.3d 1371, 1374 (D.C.Cir.1995) ..................................... 3

Petition of Campania Chilena de Navegacion, No. 03 Civ. 5382, 2004 WL 1084243, 2004 AMC 443 (E.D.N.Y. Feb. 6, 2004) .......................................................................... 2, 4

Petition of Raffles Shipping Int'l Pte Ltd., No. 10 Civ. 0693, 2010 WL 81920 (Mar. 4, 2010)............. 3

Phibro Commodities v. M.V. Rizcun Trader, No. 97 Civ. 2058, 1997 WL 583206 (E.D. Pa. Mar. 26, 1997).................................................................................................................. 4

Republic of Kazakhstan v. Biedermann Int'l, 168 F.3d 880 (5th Cir. 1999) ....................................... 11

Servotronics Inc. v. Boeing Co., 954 F.3d 209, 210 (4th Cir. 2020)..................................................... 11

Servotronics, Inc. v. Rolls-Royce PLC, 2020 WL 5640466 (7th Cir. Sept. 22, 2020) ........................ 11

Shore v. Acands, Inc., 644 F.2d 386, 388 (5th Cir.1981)......................................................................... 2

Siemens AG v. W. Dig. Corp., No. 8:13-cv-01407-CAS-(AJWx), 2013 U.S. Dist. LEXIS 159266, at *7 (C.D. Cal. Nov. 4, 2013)............................................................................ 12

Sompo Japan Ins. Co. of Am. V. Norfolk S. Ry. Co., 762 F.3d 165,183 (2d Cir. 2014)....................... 5

Vinmar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 1995 A.M.C. 1817, 1827 (1995) ................................................................................................................................. 5

**Statutes**

28 U.S.C. § 1782 ................................................................................................ 1, 2, 9, 13

28 USC §1333 ........................................................................................................... 3, 8

**Rules**

Fed. R. Civ. P. 14(c) ....................................................................................................... 8

Fed. R. Civ. P. 26 .......................................................................................................... 13

Fed. R. Civ. P. 26(b)(1) ............................................................................................... 13

Fed. R. Civ. P. 27 .......................................................................................................... 13

Fed. R. Civ. P. 27 (a)(1) ................................................................................................. 2

iii

1

Fed. R. Civ. P. 27(a)(3) ............................................................................................................... 4

2

Fed. R. Civ. P. 9(h) .................................................................................................................... 3

3

## News Source

4

Container ship loses nearly 2,000 cargo carriers in Pacific storm | Reuters ........................................... 7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER
PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE
IN FOREIGN PROCEEDINGS

1    VERIFIED PETITION TO PERPETUATE TESTIMONY AND EVIDENCE

2    **I.**     <u>**INTRODUCTION**</u>

3         Petitioner and applicant YANG MING MARINE TRANSPORT CORP. ("YM,") by and

4    through their undersigned attorneys, respectfully seeks, on an emergency basis, (1) an Order pursuant

5    to Federal Rules of Civil Procedure, Rule 27 to preserve testimony and evidence for use in the Federal

6    District Court of the Southern District of New York and (2) an Order pursuant to 28 U.S.C. § 1782 to

7    obtain discovery from Ocean Network Express Ptd. Lte ("ONE"), Chidori Ship Holding LLC

8    ("Chidori"), Jessica Ship Holding SA ("Jessica"), and NYK Shipmanagement Pte Ltd ("NYK") for use

9    in anticipated arbitration proceedings before a London Maritime Arbitrators Association ("LMAA")

10    **II.**     <u>**STATEMENT OF FACTS**</u>

11         We refer this Honorable Court, for the sake of brevity, to the Sworn Declaration of Zeb Yang

12    dated March 31, 2021, deemed incorporated herein, for a statement of the facts relevant to this matter.

13         In summary, this petition arises out of what may be one of the world's largest container collapses

14    on board the container ship ONE APUS.  Absent this Court's emergency grant of an order to conduct

15    discovery, YM, who was a slot charterer on ONE APUS, anticipates the significant loss of evidence and

16    testimony relevant to defending its interest in claims by cargo owners that could exceed $3,000,000.00.

17         On November 30, 2020, while ONE APUS was under way from Yantian, China to Long Beach,

18    California, it sustained a significant collapse of stacked cargo containers and lost an estimated 1,800

19    containers.  ONE APUS was diverted to Kobe, Japan, where it remained for approximately 3 months,

20    for emergency discharge.   However, while in Japan, ONE APUS' owner gave YM and other affected

21    slot charterers very limited access to ONE APUS and minimal information about the incident.

22         Total cargo loss has been preliminarily estimated to be hundreds of millions of dollars and YM

23    has already received notice from cargo interests of claims in excess of $3,000,000.00.  Such claims will

24    be litigated in the Southern District of New York.  YM will pursue its remedy against vessel owners and

25    operators in arbitration in London.  YM understands that ONE APUS is currently offloading containers

26    in the Port of Long Beach, where it will remain until approximately April 20, 2021.

27         YM requests the Court grant emergency relief allowing for discovery to occur in this district on

28    shortened notice.  The Honorable Court should be aware that the other two slot charterers on ONE

1

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER
PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE
IN FOREIGN PROCEEDINGS

1   APUS also applied, ex parte, in the Central District for discovery orders pursuant to 28 U.S.C. § 1782

2   for the same catastrophic container loss incident.  Hapag Lloyd's application is assigned Case No.: 8:21-

3   mc-00015; HMM's application is assigned Case No. 2:21-mc-00474.  YM understands that those two

4   matters have or will be assigned to Judge David Carter and Magistrate Judge John Early.  For judicial

5   efficiency, YM requests the Court also assign this petition and application to Judge Carter and

6   Magistrate Judge Early.  YM anticipates that individual cargo interests will also apply ex parte for a

7   discovery order.

8   **III.      Federal Rules of Civil Procedure, Rule 27 Petition**

9          **A.  General Principles**

10        Rule 27 of the Federal Rules of Civil Procedure provides a mechanism for perpetuating

11  testimony before trial.  See, Ash v. Cort, 512 F.2d 909, 911 (3d Cir.1975). The Rule states in relevant

12  part: "A person who desires to perpetuate testimony regarding any matter that may be cognizable in any

13  court of the United States may file a verified petition in the United States district court in the district of

14  the residence of any expected adverse party." Fed. R. Civ. P. 27.  It is within the Court's discretion to

15  grant such discovery under circumstances as presented in this matter. *See,* Deiulemar Compagnia di

16  Navigazione S.P.A. v. M/V Allegra, 198 F.3d 473, 479 (4th Cir. 1999) (citing Shore v. Acands, Inc.,

17  644 F.2d 386, 388 (5th Cir.1981).

18        "In order to obtain discovery under Rule 27, the petitioner must demonstrate  the following

19  elements: (1) that it expects to be a party to an action that may be cognizable in any court of the United

20  States but the action is unable to be brought presently; (2) it must set forth the subject matter of the

21  expected action and the petitioner's interest in such an action; (3) it must present facts which the

22  petitioner seeks to establish through the proposed testimony and the reasons for desiring to perpetuate

23  that testimony at this time; (4) it must provide the names or description of the expected adverse parties;

24  and (5) the names and addresses of the witnesses to be examined and the substance of the testimony

25  petitioner expects to obtain from those witnesses. Fed. R. Civ. P. 27 (a) (1)."  Petition of Campania

26  Chilena de Navegacion, No. 03 Civ. 5382, 2004 WL 1084243, 2004 AMC 443 (E.D.N.Y. Feb. 6, 2004).

27        Because the Rule's purpose "is not the determination of substantive rights, but merely the

28  providing of aid for the eventual adjudication of such rights in a suit later to be begun," it is designed to

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER
PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE
IN FOREIGN PROCEEDINGS

1    "afford a simple ancillary or auxiliary remedy to which the usual federal jurisdictional and venue

2    requirements do not apply." Messeller v. United States, 158 F.2d 380, 382 (2d Cir.1946).[1]  A petitioner

3    does not have to demonstrate a cognizable action with absolute certainty. See, Penn Mut. Life Ins. Co.

4    v. United States, 68 F.3d 1371, 1374 (D.C.Cir.1995). And "[t]here need not be an independent basis of

5    federal jurisdiction in a proceeding to perpetuate, but it must be shown that in the contemplated action,

6    for which the testimony is being perpetuated, federal jurisdiction would exist and thus is a matter that

7    may be cognizable in the federal courts." Dresser Indus. v. United States, 596 F.2d 1231, 1238 (5th

8    Cir.1979).

9        A court may issue an order under Rule 27 "if it is satisfied that a failure or a delay of justice may

10   thereby be prevented." Messeller v. United States, 158 F.2d at 382. The Rule has been held to apply in

11   admiralty cases. Id.; see also In the Matter of Deiulemar Compagnia de Navegazione S.P.A. v. Pacific

12   Eternity, S.A., 198 F.3d at 479.

13       Accordingly, given the peripatetic and ever-changing conditions of ocean-going vessels, courts

14   have been particularly receptive to pre-suit discovery to perpetuate evidence in the context of maritime

15   casualties, including depositions of master and crew, survey and inspection, and disclosure of

16   documents such as those concerning ships' condition, vessel logs, and maintenance records in advance

17   of potential litigation arising from possible breach of charter party or otherwise. See, e.g., Deiulemar

18   Compania Di Navigazione S.p.A. v. M/V Allegra, 198 F.3d 473. (Rule 27 discovery in aid of charterers'

19   potential arbitration with shipowner ordered, where vessel was about to leave U.S. port), Petition of

20   Raffles Shipping Int'l Pte Ltd., No. 10 Civ. 0693, 2010 WL 81920 (Mar. 4, 2010) (Rule 27 discovery

21   in aid of charterers' potential arbitration with shipowner ordered, where vessel was about to leave U.S.

22   port); Petition of Campania Chilena de Navegacion, No. 03 Civ. 5382, 2004 WL 1084243 (E.D.N.Y.

23

24   [1] THIS MATTER IS, NONETHELESS, WITHIN THE COURT'S ADMIRALTY AND MARITIME
     JURISDICTION UNDER 28 U.S.C. § 1333 AND FED. R. CIV. P. 9(H). MOREOVER, VENUE IS PROPER
25   AS THE VESSEL AND ITS PERSONNEL ARE WITHIN THE JURISDICTION OF THIS HONORABLE
     COURT, AS ARE MANY ANTICIPATED ADVERSE PARTIES, NAMELY CARGO OWNERS. IN
26   PARTICULAR, YANG DECL. EX. 2YM CONCERNS ONE SUCH CLAIMANT WITHIN THIS DISTRICT,
     I.E. RAZOR USA LTD. LOCATED AT 9 PASTEUR STE. 100, IRVINE CA. 92618-381 ASSERTING
27   DAMAGES OF THREE MILLION DOLLARS ($3,000,000.00).

28

3

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER
PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE
IN FOREIGN PROCEEDINGS

1    Feb. 6, 2004) (Rule 27 discovery in aid of charterers' defense of potential claims by cargo as a result of

2    fire ordered, where vessel was about to leave U.S. port); Phibro Commodities v. M.V. Rizcun Trader,

3    No. 97 Civ. 2058, 1997 WL 583206 (E.D. Pa. Mar. 26, 1997) (Rule 27 discovery in aid of cargo

4    interests' action for damages in other *fora*, as well as security, ordered, where vessel was about to leave

5    U.S. port); In re Deiulemar Di Navigazione S.p.A, 153 F.R.D. 592, 1004 A.M.C. 2250 (E.D. La. 1994)

6    (Rule 27 discovery in aid of charterer's indemnification claim in arbitration ordered, where vessel was

7    about to leave U.S. port).

8           In Deiulemar Compagnia di Navigazione S.P.A. v. M/V Allegra a London arbitration provision

9    governed, and, nevertheless, the court found limited extraordinary circumstances existed to grant

10   discovery in aid of that arbitration under Rule 27. 198 F.3d 473, 481 (4th Cir. 1999).  Several other

11   cases where discovery has been granted despite the existence of an arbitration clause include Ferro

12   Union Corp. v. S.S. Ionic Coast, 43 F.R.D. 11, 14 (S.D.Tex.1967) (allowing depositions, inspection of

13   the vessel and its cargo, and production of requested documents because "[t]o deny discovery here could

14   well mean that the information sought would never be available ..."), and Koch Fuel Int'l v. M/V South

15   Star, 118 F.R.D. 318, 320 (E.D.N.Y.1987) (noting that "[o]ne of the 'exceptional circumstances' in

16   which discovery has been deemed proper is where a vessel  with crew members possessing particular

17   knowledge of the dispute is about to leave port").

18          Strict compliance with Rule 27's notice provision has not been required in such circumstances.

19   See, In re Deiulemar Di Navigazione S.p.A., 153 F.R.D. at 593 ("[T]he Aegean interests are represented

20   by counsel of their own choosing who have represented them in other causes at prior times. The court

21   sees no reason why the twenty-day period set forth in Rule 27(a)(2) is sacrosanct and cannot be modified

22   as are many other deadlines routinely modified by the court depending on the circumstances of a

23   particular case. No prejudice will result to respondent since its interests are represented."); see also, In

24   re Petition of Chao, No. 08 mc 56, 2008 WL 4471802 (N.D. Iowa Oct. 2, 2008) ("After considering all

25   of the circumstances, the Court is satisfied that perpetuating the testimony of the identified witnesses

26   may prevent a failure or delay of justice. Fed.R.Civ.P. 27(a) (3). Accordingly, the Court will enter an

27   order authorizing Petitioner to depose the named persons [on only the two days' notice given]").

28

4

**B.  YM has satisfied all of the Requirements of Rule 27**

**i. Rule 27 (A)- that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought.**

In the case *sub judice*, the petitioner seeks Rule 27 preservation of evidence and testimony for use in defending a large number of reasonably anticipated litigations that will be brought by owners of lost and damaged cargo carried aboard the ONE APUS under the petitioner's bills of lading. Those maritime contracts provide for exclusive jurisdiction in the Federal District Court Southern District of New York where carriage of the cargo is to the US. Yang Decl. Ex. 1YM.  Specifically, all the bills of lading at issue contained the following clause:

> 26. JURISDICTION
> *It is hereby specifically agreed that any suit by the Merchant, and save as additionally provided below any suit by the Carrier, shall be filed exclusively in the High Court of London and English Law shall exclusively apply, unless the carriage contracted for hereunder was to or from the United States of America, in which case suit shall be filed exclusively in the United States District Court, for the Southern District of New York and U.S. law shall exclusively apply.*

It is, accordingly, reasonable to anticipate such litigation given the fact that hundreds of the petitioner's containers carrying cargo for third-parties to the US under its bills of lading were lost at sea and more damaged on deck.  Exclusive jurisdiction clauses of the type at issue are regularly enforced by US courts.  Vinmar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 1995 A.M.C. 1817, 1827 (1995).

Moreover, pursuant to YM bills of lading terms shippers and consignees have covenanted to only sue YM on the bills of lading and not others such as ONE or the vessel owner. See, YM Exhibit 1YM, Clauses 1(3) and 4(2)(a); Yang Decl. ¶ 2. Such provisions are also regularly enforced by US courts. See, Sompo Japan Ins. Co. of Am. V. Norfolk S. Ry. Co., 762 F.3d 165,183 (2d Cir. 2014) ("We see no reason, however, why parties to a shipping contract should be prohibited, as a matter of public policy, from channeling claims for damage to cargo through the carrier that issue the through bill of lading.") (citing Federal Ins. Co. v. Union Pac. R.R. Co., 651 F.3d 1175, 1179-80 (9th Cir. 2011) ("The through bill of lading's covenant not to sue is enforceable because FIC can still seek a full recovery

1   from the carrier, APL . . . The requirement that all suits be brought against APL is an enforcement

2   mechanism rather than a reduction of 'the carrier's obligations to the cargo owner below what COGSA

3   guarantees.'"). As a result, it is even more likely that cargo interests will be pursuing YM in the SDNY

4   for recovery of damages for lost or damaged cargo having agreed to sue no others.

5       **ii.** <u>**Rule 27 (B) - the subject matter of the expected action and the petitioner's interest.**</u>

6       The subject matter of the expected action and the petitioner's interest in such an action is set

7   forth, inter *alia*, at ¶ 5 through 11of the Yang Decl.  Fundamentally, YM was the issuer of many bills

8   of lading to cargo interests whose cargo was lost or damaged aboard the ONE APUS. YM owes certain

9   duties of care to those cargo interests.  Under the contractual relationship YM has with ONE, ONE is

10  responsible to YM for the safe carriage of those same containers of cargo. YM expects to be sued in the

11  SDNY by many such cargo interests and, in turn, anticipates seeking indemnity against ONE for any

12  damages assessed against it. YM is unable to commence those suits now as it is an anticipated defendant

13  or a party seeking indemnity for damages not yet sustained.

14      **iii.** <u>**Rule (C) The facts that the petitioner wants to establish by the proposed testimony**</u>

15          <u>**and the reasons to perpetuate it.**</u>

16      YM seeks the preservation of information that it knows must exist concerning the massive

17  container collapse experience on the ONE APUS. The items of interest set forth in the Yang declaration

18  are all standard and necessary equipment and information found on all such vessels as the ONE APUS.

19  For example, Yang Declaration at ¶ 21 states YM seeks such basic and certainly existing evidence as:

20  "*what lashing and securing gear has been replaced and what securing equipment was on board at the*

21  *time of the casualty and today, the cause of the casualty, information and computer programs*

22  *concerning the stability of the vessel and its cargo stow, the information the Vessel received on weather,*

23  *weather routing and other meteorological events on the Voyage, records of the course of the Vessel,*

24  *stowage plans and stowage manuals used on the loading of the cargo and Voyag*e." The Yang

25  Declaration at ¶ 12 identifies more such information, as does Yang Decl. Ex. 4YM.  But it is important

26  to reiterate that all the information is commonplace for a container ship and no doubt ONE has already

27  fully reviewed, for its own purposes, all of the requested evidence. YM knows it exists, it simply wants

28  to have access to it, so it may be properly preserved before the vessel undergoes further changes/repairs

6

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER
PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE
IN FOREIGN PROCEEDINGS

1  or suffers any further loss of its personnel before the vessel leaves the court's jurisdiction, perhaps never

2  to return.

3      YM's reasons for seeking the instant relief are clear enough, it faces massive claims for damages

4  and has been completely "stonewalled" by ONE and the vessel's registered owner in obtaining the

5  information it needs to defend itself.  Indeed, it is worth emphasizing that the vessel and its equipment

6  has already undergone extensive alterations while in Japan. During that time YM repeatedly requested

7  the same information and access to the vessel now pursued, but was granted only a risible four hours of

8  time for its surveyors to examine what is surely one of the world's largest container collapses. See,

9  Container ship loses nearly 2,000 cargo carriers in Pacific storm | Reuters.  (Yang Decl. Ex. 5YM). As

10  the Declaration of Yang makes clear at ¶¶ 14-15, the requests seeking the most elementary information

11  normally collected in such a matter were repeatedly rebuffed by ONE and the owner, with neither of

12  them providing any of the critical information obviously existing but not forthcoming.  For those reasons

13  YM now seeks to preserve evidence and perpetuate testimony about such evidence. The Master and

14  Chief Mate, even if not the officers serving at the time of the collapse, as the highest ranking deck

15  officers on-board, are the best witnesses now available to YM to testify about such

16  information/documents and things sought to be preserved.  Accordingly, their depositions are sought,

17  along with the opportunity to copy and inspect such material. Once the vessel is out of this court's

18  jurisdiction, they too will likely be lost to YM as witnesses, as crew changes on such ships are frequent

19  and those officers may never be locatable again.

20      **iv. <u>Rule 27 (D) the names or a description of the persons whom the petitioner expects to</u>**

21      **<u>be adverse parties and their addresses, so far as known.</u>**

22      Many prospective adverse parties who owned cargo aboard the Vessel are no doubt located

23  within this District, given that the port of discharge is also located there, but all the names and addresses

24  of those adverse cargo interests which may bring suit in the SDNY are presently unknown to YM.

25  However, Yang Decl. Ex. 2YM, concerns claims already lodged against YM for over three million

26  dollars ($3,000,000.00) for computer equipment sold to Razor USA Ltd. located at 9 Pasteur Ste. 100,

27  Irvine Ca. 92618-381. That location is within this District. It is, accordingly, reasonably anticipated that

28  suit will be brought against YM in the SDNY by Razor USA as an adverse party. Such anticipated suits

7

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER
PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE
IN FOREIGN PROCEEDINGS

against YM in the SDNY would be within the court's admiralty jurisdiction under 28 USC §1333 as they are founded upon ocean bills of lading contracts. <u>Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.</u>, 561 U.S. 89 (2010).

Furthermore, ONE, which is present within this District by virtue of the vessel ONE APUS's presence here, is also expected to be added as third-party defendants to YM and as a direct defendant to such adverse cargo interests as discussed above, pursuant to Federal Rules of Civil Procedure, Rule 14 (c). While ONE may invoke the arbitration clause between itself and YM, that is a waivable defense, and would not extinguish its initial presence as a third-party defendant in such a proceeding. Moreover, it may remain in said action as an adverse party pursuant to Rule 14 (c)'s interpleader capacity. Jurisdiction over such a third-party action would be proper under Rule 14 (c) (1), as well as independently under the admiralty jurisdiction of the court, 28 USC §1333 since the claim arises from a charter party dispute. <u>Nichimen Company, Inc.</u> <u>v.</u> M. <u>v.</u> <u>Farland</u> <u>v.</u> <u>Seaboard Shipping Co., Ltd.</u>, 462 F.2d 319 (2d Cir. 1972).

ONE lists its main address on its website as 7 Straits View, # 16-01 Marina One East Tower, Singapore 018936.

### v. **Rule 27 (E) the name, address, and expected substance of the testimony of each deponent.**

The Master and Chief Officer are the deponents sought. Their addresses are not known, but they are now serving aboard the ONE APUS at the Port of Long Beach. ¶¶21- 25 of the Yang Decl. addresses the expected substance of their testimony, in part, at ¶21 in these terms: *YM seeks to depose the Master and Chief Mate of the Vessel in order to preserve evidence concerning the collapse of on-deck stowed containers.   For example, it seeks to preserve evidence that necessarily exists on what repairs have taken place, what damaged cargo and containers remain on board, the extent of damage to same, what lashing and securing gear has been replaced and what securing equipment was on board at the time of the casualty and today, the cause of the casualty, information and computer programs concerning the stability of the vessel and its cargo stow, the  information the Vessel received on weather, weather routing and other meteorological events on the Voyage, records of the course of the Vessel, stowage plans and stowage manuals used on the loading of the cargo and Voyage.  All that evidence exists as a*

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

1   *matter of normal vessel operations and YM wants to see it preserved through testimony and copying.*

2   *As already noted the passage of time will only complicate the obtaining of the evidence sought by YM.*

3   *YM is interested in preserving such evidence in order to protect itself in litigation anticipated to be*

4   *brought against it in the SDNY.*

5         Some of that information, will be within each of the prospective witnesses' possession, some

6   only held by one. Each vessel is somewhat different, each officer had different duties and likely watches

7   to stand and each event is different over time, so it is considered reasonable and fair that the two highest

8   ranking deck officers be presented for their individual knowledge.

9         **vi. <u>Summary as to Rule 27</u>**

10         The ONE APUS is only in US waters now, specifically the Central District of California, in

11   order to complete delivery of the cargo that survived the subject casualty. It is unlikely the vessel will

12   return to US waters while claims arising from the casualty are extent.  The vessel is expected to depart

13   about one week after berthing or about April 20, 2021. Once it sails it is expected to go to Japan and

14   then to the south of China. Yang Decl. ¶ 16.  It is unlikely therefore, that YM will have another

15   meaningful opportunity to preserve the evidence needed by the petitioner to defend against the expected

16   suits against it or by it, reasonably expected to be filed in the Southern District of New York. All of that,

17   it is submitted, satisfies Rule 27 and, in fact, creates, under the standards of well-established law,

18   *exceptional circumstances,* more than justifying the relief requested under Fed. R. Civ. P. Rule 27.

19   **IV.     <u>28 U.S.C. § 1782 APPLICATION</u>**

20         In the alternative, petitioner seeks discovery pursuant to the provisions of 28 U.S.C. § 1782 to

21   aid anticipated arbitration before a London Maritime Arbitrators Association ("LMAA") tribunal.  28

22   U.S.C. § 1782 authorizes a district court to order a person "who resides or is found" in the district to

23   provide discovery "for use in a proceeding in a foreign or international tribunal," upon "application by

24   any interested person."

25         **A.     <u>Petitioner's § 1782 Application should be Granted *Ex Parte*</u>**

26         Courts routinely grant applications for § 1782 discovery *ex parte* because the parties will have

27   adequate notice and an opportunity to move to quash any discovery. <u>See In re Letters Rogatory from</u>

28   <u>Tokyo Dist.</u>, 539 F.2d 1216, 1219 (9th Cir. 1976) (Court found Letters Rogatory presented *ex parte* via

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER
PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE
IN FOREIGN PROCEEDINGS

§ 1782 customary and appropriate because the witnesses had an opportunity, and did in fact, exercise their due process rights by motions to quash.); see also Husayn v. Mitchell, 938 F.3d 1123 (9th Cir. 2019) (Ninth Circuit reversed and remanded an Eastern District of Washington order quashing § 1782 subpoenas originally granted *ex parte*); Akebia Therapeutics, Inc. v. Fibrogen, Inc., 793 F.3d 1108, 1109–10 (9th Cir. 2015) (Court affirmed *ex parte* grant of § 1782 application); Gushlak v. Gushlak, Nos. 11-2584-cv, 11-3808-cv, 2012 U.S. App. LEXIS 13535, at *3 (2d Cir. July 3, 2012) ("[I]t is neither uncommon nor improper for district courts to grant application made pursuant to § 1782 *ex parte*"). Unless the Court grants this application swiftly, the ONE APUS will depart this District, and the discovery sought herein will be compromised or inaccessible during the anticipated LMAA proceedings. See, generally, ¶¶ 16 and 23 of the Yang Declaration.  ONE is not prejudiced by the *ex parte* application because it still would have an opportunity to move to quash any subpoena issued pursuant to the Court's Order.  Thus, petitioner respectfully requests the Court grant this application *ex parte*.

### B.      Petitioner Satisfies the Statutory Requirements of § 1782

Section 1782 of Title 28 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.

Thus, a petitioner must satisfy three elements: (1) the persons from whom discovery is sought reside or be found in the judicial district; (2) the petitioner is an "interested party" in the foreign proceeding; and (3) the discovery is for use in the foreign or international tribunal.  *See* Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 246, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004); Khrapunov v. Prosyankin, 931 F.3d 922, 925 (9th Cir. 2019).

The Vessel has called at the Port of Long Beach, and her Captain and crew are currently "found" in the Central District of California.  Therefore, petitioner satisfies the first requirement of § 1782.

With respect to the second requirement, the U.S. Supreme Court has acknowledged that the term "interested person" should be interpreted broadly to include litigants as well as other parties who possess a reasonable interest in obtaining judicial assistance.  Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 256 (2004).  The Ninth Circuit has unequivocally held that the proceeding in the foreign

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

1   tribunal need not be currently pending to satisfy the requirements of § 1782.  Okubo v. Reynolds (In re

2   Letters Rogatory from the Tokyo Dist. Prosecutor's Office), 16 F.3d 1016, 1019 (9th Cir. 1994).  Instead,

3   the statute requires only that the foreign proceedings be "more than speculative."  Intel Corp., 542 U.S.

4   at 256. Here, YM undoubtedly qualifies as an "interested person" – YM issued bills of lading for

5   hundreds of lost and damaged cargo containers, currently has over $3,000,0000 of cargo claims lodged

6   against it, and intends to commence proceedings with the LMAA under the slot charter agreement.  See

7   ¶¶ 2-3, 19 of the Yang Declaration.

8         YM also satisfies the third requirement because the discovery sought, including testimony of the

9   captain and crew aboard the Vessel during the subject voyage, as well as relevant documents and

10  evidence that currently is onboard the Vessel, will be used in foreign proceedings before the LMAA.[2]

11  It should be noted, YM need not make a showing that the evidence sought will be admissible in the

12  foreign proceeding to show the evidence is "for use" in the proceeding.  See e.g. In re Letters Rogatory

13  from Tokyo Dist., 539 F.2d 1216, 1219 (9th Cir. 1976); see also In re Dubey, 949 F. Supp. 2d 990, 992

14  (C.D. Cal. 2013).  The LMAA Tribunal will duly decide whether any evidence obtained through this §

15  1782 application is admissible in the proceeding.  See, generally, Green Declaration, ¶¶ 4 and 8.  Thus,

16  the evidence YM seeks will be used in foreign proceedings, thereby satisfying this third statutory

17  requirement of § 1782.

18         **C.      Discretionary Factors Weigh in Favor of Granting YM's Application**

19         Once a petitioner satisfies the statutory requirements, the district court must exercise its

20  discretion in deciding whether to grant the petition.  Intel Corp., 542 U.S. at 264.  The Supreme Court

21  _____

22  [2] YM recognizes that some US District and Circuit Courts have found 28 U.S.C. § 1782 is not available in aid of
    foreign private arbitrations, while others hold to the contrary.  Compare Servotronics, Inc. v. Rolls-Royce

23  PLC, 2020 WL 5640466 (7th Cir. Sept. 22, 2020) (denying discovery), Nat'l Broad. Co., Inc., v. Bear Stearns &
    Co., Inc., 165 F.3d 184 (2d Cir. 1999) (same), and Republic of Kazakhstan v. Biedermann Int'l, 168 F.3d 880

24  (5th Cir. 1999) (same), with In re Application to Obtain Discovery for Use in Foreign Proceedings (FedEx), 939
    F.3d 710, 723 (6th Cir. 2019) (granting discovery), and Servotronics Inc. v. Boeing Co., 954 F.3d 209, 210 (4th

25  Cir. 2020) (same).  Indeed, on March 21, 2021 the US Supreme court granted certiorari to the first named
    Servotronics cases above.  In the Ninth Cir. HRC-Hainan Holding Co. LLC v. Yihan Hu, 2020 WL 906719 (N.D.

26  Cal. Feb. 25, 2020), appeal docketed sub nom., In re HRC-Hainan Holding Co. LLC, No. 20-15371 (9th Cir.
    March 4, 2020) allowed the Act to be used in aid of private arbitration, while two Central District cases held to

27  the contrary.  In re Dubey, 949 F. Supp. 2d 990, 992 (C.D. Cal. 2013). In re in re: Golden Root Invs. Pte, No.
    EDMC19-11 JGB (KKx), 2019 U.S. Dist. LEXIS 227805, at *1 (C.D. Cal. Sep. 6, 2019).  We submit 28 U.S.C.

28  § 1782 does apply to private arbitrations for the reasons set out in the above decisions so holding.

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER
PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE
IN FOREIGN PROCEEDINGS

1   set forth the following discretionary factors to consider, (1) whether the person from whom discovery

2   is sought is a participant in the foreign proceeding; (2) the nature and character of the foreign proceeding,

3   and whether the foreign court is receptive to judicial assistance from the United States; (3) whether the

4   discovery request is an attempt to avoid foreign restrictions on gathering evidence; and (4) whether the

5   discovery request is "unduly intrusive or burdensome." *Id*. at 264–66.  It should be noted, "[t]he district

6   court [is] not required to address explicitly every factor or argument, nor [is] it required to issue a written

7   order." Akebia Therapeutics, Inc. v. Fibrogen, Inc., 793 F.3d 1108, 1112 (9th Cir. 2015).

8          Regarding the first factor, the U.S. Supreme Court observed that the need for § 1782 assistance

9   is of particular importance when the entity from whom discovery is sought is a non-party in the

10   underlying foreign proceeding: "nonparticipants in the foreign proceeding may be outside the foreign

11   tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable

12   absent § 1782(a) aid." Intel, 542 U.S. at 264.  While YM intends to be a party in the LMAA proceedings,

13   LMAA does not have direct authority to order the discovery sought herein.  Green Declaration, ¶ 8.

14   Rather, YM, with the permission of the Tribunal, YM would have to apply to the English High Court

15   to issue the witness summons. Id. at ¶ 4, by which time testimonial facts may be forgotten and evidence

16   unobtainable because the ONE APUS likely will be on a voyage traversing another part of the globe.

17   Thus, the policy underpinning this first discretionary factor, that the evidence sought by the petitioner

18   may be obtained only through § 1782, clearly weighs in favor of granting YM's petition.

19          The second discretionary factor, the nature of the proceedings and whether the foreign court will

20   be receptive to the evidence, also favors granting YM's application.  This Court has observed that "when

21   evaluating whether foreign tribunals would accept U.S. assistance, courts look for 'authoritative proof

22   that a foreign tribunal would reject evidence obtained with the aid of section 1782.'" Siemens AG v. W.

23   Dig. Corp., No. 8:13-cv-01407-CAS-(AJWx), 2013 U.S. Dist. LEXIS 159266, at *7 (C.D. Cal. Nov. 4,

24   2013) (quoting Euromepa, S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1100 (2d Cir. 1995)).  YM may

25   submit evidence obtained through § 1782 by offer of proof which the LMAA has authority to accept

26   and consider.  Green Declaration, ¶ 8.  Certainly, there is no "authoritative proof" the LMAA would

27   reject the evidence.  Thus, this second factor weighs in YM's favor.

28          The third discretionary factor considers whether the § 1782 request "conceals an attempt to

12

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER
PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE
IN FOREIGN PROCEEDINGS

1   circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United

2   States." Intel, 542 U.S. at 265. Here, YM's petition does not circumvent foreign evidence-gathering

3   restrictions, since the English High Court could, upon petition, issue the witness summons.  Green

4   Declaration, ¶ 4.  Instead, YM seeks the discovery through § 1782 because the ONE APUS that houses

5   the evidence is destined to leave this District in the immediate future, and access to the vessel and her

6   captain and crew during the foreign proceedings may very well prove impossible. See, generally, Yang

7   Declaration, ¶¶ 16 and 23.  Failure to obtain the evidence under this § 1782 application may render the

8   evidence inaccessible during the anticipated proceedings, and relevant testimony could become unclear

9   or forgotten, entirely.  Yang Declaration, ¶¶ 16 and 23. Thus, this factor weighs in favor of YM.

10          The fourth and final factor concerns whether the discovery sought is "unduly intrusive or

11   burdensome." Intel, 542 U.S. at 265. In assessing this factor, a district court should apply the standards

12   of Federal Rule of Civil Procedure 26. See, e.g., MetaLab Design, Ltd. v. Zozi Int'l, Inc., No. 17-mc

13   80153-MEJ, 2018 U.S. Dist. LEXIS 5448, at *4 (N.D. Cal. Jan. 11, 2018).  Under Rule 26, "[p]arties

14   may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense

15   and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Proportionality depends, in part, on

16   "whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.  Here, the

17   proposed subpoenas set forth a limited number of documents covering a limited time frame and a limited

18   amount of depositions. The proposed inspection of ONE APUS will allow identification and

19   preservation of key evidence that may be forever lost once the vessel departs Long Beach.  The

20   depositions also will aid in this discovery process and the defense of these cargo claims.  If the crew

21   members are not deposed now, they are likely to leave the ship and forever be unavailable to YM to

22   obtain eye witness testimony relating to the incident. Accordingly, the final Intel factor also weighs in

23   favor of YM's application.

24          YM satisfies § 1782's statutory requirements and the discretionary factors weigh in favor of

25   granting this *ex parte* application.

26   **V.      CONCLUSION**

27          For the reasons set forth above, the petition for relief pursuant to Fed.R.Civ.P. Rule 27 and the

28   application for relief pursuant to 28 USC §1782 should be granted and such other and further relief as

13

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER
PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE
IN FOREIGN PROCEEDINGS

1 | the Court deems proper.

2

3

4 | Dated: March 31, 2021

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
Attorneys for Co-Applicant
YANG MING MARINE TRANSPORT CORP.

5

6

*/s/* Galin G. Luk

7

Galin G. Luk
Thomas M. Fedeli

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

**ATTORNEY VERIFICATION**

I, Galin G. Luk, hereby declare, as follows:

1.      I am the attorney for the Petitioner, and I am fully authorized to make this Verification on its behalf.

2.      I have read the foregoing Petition and the contents thereof are true and accurate to the best of my knowledge, information and belief.

3.      The reason that this Verification was made by me and not the Petitioner is that the Petitioner is a corporation and none of its officers are present in this District.

4.      The source of my knowledge is information and records furnished to me by the Petitioner and its representatives, all of which I believe to be true and accurate.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed:      San Francisco, California

Dated:      March 31, 2021

By: /s/ Galin G. Luk
      Galin G. Luk
      Cox, Wootton, Lerner,
      Griffin & Hansen LLP
      900 Front St., Suite 350
      San Francisco, CA  94111
      Tel: 415.438.4600

15

EMERGENCY VERIFIED PETITION OF YANG MING MARINE TRANSPORT CORP. FOR AN ORDER PURSUANT TO FED. R. CIV.P. RULE 27 AND 28 U.S.C. § 1782 TO OBTAIN ORDER FOR DISCOVERY FOR USE IN FOREIGN PROCEEDINGS