ALAN NAKAZAWA, State Bar No. 84670
alan.nakazawa@cwn-law.com
JOSEPH A. WALSH II, State Bar No. 143694
joe.walsh@cwn-law.com
COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 1860
Long Beach, California 90831
Telephone: (562) 317-3300
Facsimile: (562) 317-3399

Attorneys for Chidori Ship Holding LLC,,
Jessica Ship Holding SA, and the Master
and crew of the M/V ONE APUS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of<br>YANG MING MARINE TRANSPORT<br>CORPORATION<br><br>          Applicant,<br><br>For Order Authorizing Discovery<br>Pursuant to FRCP RULE 27 And/Or<br>For Us In Foreign Proceedings Under<br>28 U.S.C. § 1782 | Case No. 8:21-mc-00016 DOC (JDEx)<br>[Related to Case Nos.<br>8:21-mc-00015 and 2:21-mc-00474]<br><br>**OPPOSITION OF CHIDORI SHIP<br>HOLDING LLC AND JESSICA<br>SHIP HOLDING SA TO<br>APPLICANT YANG MING<br>MARINE TRANSPORT CORP.'S<br>PETITION FOR ORDER<br>AUTHORIZING DISCOVERY<br>PURSUANT TO FRCP, RULE 27<br>AND 28 U.S.C. § 1782** |

OPPOSITION TO YANG MING'S PETITION

1
2
3
4
5
6
7
8
9
10

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 1860
Long Beach, California 90831
Telephone (562) 317-3300

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.      STATEMENT OF FACTS....................................................................... 1

II.     ARGUMENT ........................................................................................ 3

A.      YM Has Failed to Demonstrate Why All Evidence and Testimony
Being Sought is Relevant or in Danger of Being Lost or Destroyed. ............... 3

1. YM's Request Is an Impermissible Attempt to Use Rule 27 as a Substitute
for Pre-Trial Litigation. ........................................................................ 4

2.      The Evidence Has Already Been Copied and Preserved by Owners and
Therefore Any Claims that Failure to Perpetuate Evidence Will Result
in a Failure of Justice Are Moot. ........................................................... 5

B.      YM's Request for Production of Discovery Under § 1782 Fails to Meet
the Statutory Requirements and Is Unduly Burdensome. ............................... 8

1. YM Has Failed to Establish that Owners Are Found Within  the District for
Purposes of  § 1782. ........................................................................... 8

2. Even if YM Satisfies the Statutory Requirements of § 1782, YM's Request
is Unduly Burdensome Because it Is Not Narrowly Tailored, Requests
Confidential Information, and Imposes an Unreasonable Risk of
Exposure to COVID-19  onto the Crew. ............................................... 11

V.      CONCLUSION ................................................................................... 13

OPPOSITION TO YANG MING'S PETITION

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*19th St. Baptist Church v. St. Peters Episcopal Church*,

     190 F.R.D. 345, 347 (E.D. Pa 200)…………………………………………….3

*In re Allegretti*,

     229 F.R.D. 93, 96 (S.D.N.Y 2005)……………………………………………..3

*In re Campania Chilena de Navegacion*,

     No. 03 Civ. 5382, 2004 WL 1084243 (E.D.N.Y. Feb. 6, 2004)…………..7, 9

*In re Certain Investor in EFT Holdings Inc. to Perpetuate Testimony of Mr. Jack Qin Under FRCP Rule 27*,

     No. CV 13-0218, 2013 WL 3811807, at *3

     (C.D. Cal. July 22, 2013)……………………………………….…3, 4, 5, 6

*Digital Shape Techs., Inc. v. Glassdoor, Inc.*,

     No. 16-MC-80150-JSC, 2016 WL 5930275, (N.D. Cal. Oct. 12, 2016)..…10

*In re Dubey*,

     949 F. Supp. 2d, 990, 992 (C.D. Cal. 2013)………………………..………10

*In re Ex Parte Application of Qualcomm Inc.*,

     162 F. Supp. 3d 1029, 1035 (N.D. Cal. 2016)……………………………9, 11

*In re Godfrey*,

     526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007)………………………..………9

*In re Golden Root Investments PTE*,

     No. EDMC 19-11 JGB(KKx), 2019 WL 8011743, at *1 (C.D. Cal. Sept. 6, 2019)…………………………………………………………..………10

*Hanna v. Hall*,

     No. EDCV15-MC-00009-UA, 2015 WL 12830400 (C.D. Cal. Sept. 8, 2015)………………………………………………………………3, 6

*HRC-Hainan Holding Co., LLC v. Yihan Hu*,

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 1860
Long Beach, California 90831
Telephone (562) 317-3300

No. 20-15371, 2020 WL 906719 (N.D. Cal. Feb 25, 2020)………….………10

*In Application of Deiulemar Compagnia Di Navigazione S.p.A v. M/V Allegra*,
        198 F.3d 473 (4th Cir. 1999)……………………………………..……7

*Intel Corp. v. Advanced Micro Devices, Inc.*,
        542 U.S. 241, 264-65 (2004)…………………………………….……8, 11

*Khrapunov v. Prosyankin*,
        931 F.3d 922, 925 (9th Cir. 2019)……………………...…………….8, 9

*In re Landry-Bell*,
        232 F.R.D. 266, 267 (W.D. La. 2005)………………………………..6, 7

*Nevada v. O'Leary*,
        63 F.3d 932, 936 (9th Cir. 1995)……………………………………...3, 5

*Phibro Commodities v. M.V. Rizcun Trader*,
        No. 97-CV-2058, 1997 WL 583206, at *1 (E.D. Pa. Mar. 26, 1997)………...7

*In re Raffles Shipping International PTE*,
        No. 10-0693-MLCF-SS, 2010 WL 819820 (E.D. La. Mar. 4, 2010)………...7

*Rainsy v. Facebook, Inc.*,
        311 F. Supp. 3d 1101, 1110 (N.D. Cal. 2018)………………………………10

*In re Sargeant*,
        278 F. Supp. 3d 814, 820 (S.D.N.Y. 2017)………………………...…….9

*Tennison v. Henry*,
        203 F.R.D. 435, 441 (N.D. Cal. 2001)………………………………….……6

*In re Yamaha Motor Corp., U.S.A.*,
        251 F.R.D. 97, 98-99 (N.D.N.Y. 2008)……………………………………6


**Rules and Statutes**

28 U.S.C. § 1782………………………………………..………1, 8, 9, 10, 11, 12

Fed. R. Civ. P. Rule, 27………………………………..……………*passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

CHIDORI SHIP HOLDING LLC ("CHIDORI") and JESSICA SHIP HOLODING SA ("JESSICA") (collectively the "Owners") hereby submit their opposition to YANG MING MARINE TRANSPORT CORPORATION's Emergency Verified Petition for an Order Pursuant to Fed. R. Civ. P. Rule 27 to Preserve Testimony and Evidence and an Ex Parte Application Pursuant to 28 U.S.C. § 1782 to Obtain Order For Discovery for Use in Foreign Proceedings.

## I.   STATEMENT OF FACTS

On or about March 31, 2021, YANG MING MARINE TRANSPORT CORPORATION ("YM"), Hapag Lloyd ("HL") and HMM Co. LTD ("HMM") (collectively "Applicants") filed ex parte applications for orders pursuant to 28 U.S.C. § 1782. YM further sought the preservation of evidence and testimony pursuant to Fed. R. Civ. P. Rule 27. Applicants sought a broad range of documents, an all-encompassing inspection of the M/V ONE APUS (the "Vessel") and the depositions of the Master and Chief Officer presently on board the Vessel at Long Beach anchorage.

On April 2, 2021, Magistrate Judge Early issued a Report and Recommendation that recommended denying HL's § 1782 application. Judge Early emphasized that the scope and breadth of the discovery sought by HL, all to be completed within a few days, was so burdensome and intrusive it outweighed any proposed benefit. Specifically, Judge Early found that "[t]he scope of the document subpoena is virtually unfettered breadth" and that the inspection of the entire Vessel imposed a substantial burden. Additionally, Judge Early emphasized  that it was highly burdensome to seek depositions of the Vessel's officers who "would have just arrived

1    from a lengthy period at sea, without a showing that such officers have relevant

2    information, calling for depositions that, for some or all of them, may be in a foreign

3    country, involving a foreign court system, and possibly a foreign language, on three

4    or four business days' notice during a global pandemic."

5        Following the issuance the Judge Early's Report and Recommendation, the

6    Applicants have modified their requests by reducing the number of documents

7    requested, limiting their surveyors' inspection to the on deck cargo spaces, and they

8    have indicated their willingness to have a vessel superintendent explain the documents

9    produced to obviate the need for the depositions.

10       Counsel for the Applicants have conferred with counsel for the Owners to reach

11   an informal agreement. Owners are willing to produce relevant non-privileged

12   documents on Applicants' modified document list subject to further discussions with

13   Slot Charterers on the scope of the documents.  Nakazawa Decl. at ¶ 21. Owners are

14   also willing to allow each Slot-Charterer to have a surveyor inspect the on deck cargo

15   spaces of the Vessel provided they follow reasonable protocol imposed by the Vessel,

16   including the Vessel's COVID-19 protocol, during their inspection. Nakazawa Decl.

17   ¶ 22.  Owners are also willing to have a superintendent from the managers of the

18   Vessel explain the documents to the surveyors to obviate the need for the depositions

19   of the Master and Chief Officer.  Nakazawa Decl. ¶ 23.

20       Counsel for the interested parties are all experienced maritime attorneys and

21   have worked together on many maritime cases over the past decades.  Counsel should

22   be able to reach an informal agreement on the discovery given the developments in

23   the past 24/48 hours.

24       Additionally, we note that Owners have had less than twenty-four hours to

25   prepare and file their opposition. To the extent the court finds that declarations are

26    needed from the Owners, Owners request leave to supplement their opposition with

27   appropriate declarations.

28

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 1860
Long Beach, California 90831
Telephone (562) 317-3300

## II.   ARGUMENT

### A.   YM Has Failed to Demonstrate Why All Evidence and Testimony Being Sought is Relevant or in Danger of Being Lost or Destroyed.

An applicant may seek an order to perpetuate testimony to be used in a future proceeding, "in certain limited circumstances" pursuant to the Federal Rules of Civil Procedure Rule 27. *Hanna v. Hall*, No. EDCV15-MC-00009-UA, 2015 WL 12830400, at *1 (C.D. Cal. Sept. 8, 2015)**.** In order to obtain orders to perpetuate evidence, a petitioner is required to first "furnish a focused explanation of what they anticipate testimony to demonstrate." *In re Certain Investor in EFT Holdings Inc. to Perpetuate Testimony of Mr. Jack Qin Under FRCP Rule 27*, No. CV 13-0218, 2013 WL 3811807, at *3 (C.D. Cal. July 22, 2013) (quoting *In re Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y 2005)). Second, a petitioner must show that "they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought." *Id.* Finally, "petitioner[] must make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed." *Id.*

In order to "justify the unusual remedy provided for in Rule 27" petitioner must show that preservation of known evidence is necessary to prevent the "failure or delay of justice." *Id.*; FED. R. CIV. P. 27.  Rule 27 may not be used as a substitute for pre-trial discovery and does not permit a party to "engage in a wholesale fishing expedition" to assist in filing a claim. *Id.* (citing *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 347 (E.D. Pa 200)); *see also Nevada v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995) (finding that requests to seek testimony of experts to gain background information that was unknown to petitioner is outside the scope of Rule 27, which is not to be applied as broadly as other discovery rules such as FRCP Rule 26).

Here, the threshold requirements to perpetuate evidence pursuant to Rule 27

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 1860
Long Beach, California 90831
Telephone (562) 317-3300

are simply not present. YM has failed to make an "objective showing that without a Rule 27 hearing, *known* testimony would otherwise be lost, concealed or destroyed." *In re Certain Investor in EFT Holdings Inc. to Perpetuate Testimony of Mr. Jack Qin Under FRCP Rule 27*, 2013 WL 3811807, at *3 (emphasis added). Owners are willing to produce relevant, non-privileged documents and electronic data in their custody and control that are on Applicant's modified list and will permit Slot Charterers' surveyors on board for a reasonable inspection of the on deck cargo spaces. However, YM seeks far more than that. YM's application seeks the depositions of the Master and Chief Officer without adequate protections and an all-encompassing inspection of the entire vessel, including computers, by their surveyor. To allow YM to board the ship to conduct the depositions of the Master and Chief Officer and an all-encompassing inspection of the Vessel including its enclosed spaces where the officers and crew work, in addition to inspection and copying documents on board, which have already been copied and preserved by the Owners is not only far beyond the scope of what Rule 27 allows but is intrusive and presents an undue burden on the crew given COVID-19 protocol on the ship.

### 1.     YM's Request Is an Impermissible Attempt to Use Rule 27 as a Substitute for Pre-Trial Litigation.

First, YM has failed to demonstrate that testimony of the crew, Master and Chief Officer of the Vessel needs to be perpetuated to prevent a "failure or delay of justice." FED. R. CIV. P. 27. The Master and Chief Officer who are currently on board the Vessel were not aboard the ship when the incident occurred, and YM has failed to show that they have testimony to perpetuate that would be relevant to any future proceedings. Seeking testimony of the Master and Chief Officer under Rule 27 would allow YM to "engage in a wholesale fishing expedition," to obtain unknown evidence as an impermissible attempt to use Rule 27 as a substitute for pre-trial discovery. *In re Certain Investor in EFT Holdings Inc. to Perpetuate*

*Testimony of Mr. Jack Qin Under FRCP Rule 27*, 2013 WL 3811807, at *3; *O'Leary*, 63 F.3d at 936. In lieu of the needless depositions of the Master and Chief Officer who were not on board the Vessel at the time of the incident, Owners are willing to provide a superintendent (or some other qualified person) from the managers of the Vessel who is familiar with the documents to explain the documents to YM's and the other Applicants' surveyors.  Thus, any interaction with crew members and/or the Master and Chief Officer is unnecessary and could potentially expose persons on board the Vessel to COVID-19.

Moreover, the request for documents and other electronically stored information is overly broad and asks the Owners to produce a large swath of documents and electronic data that is irrelevant to future proceedings. For example, YM requests production of a copy of the deck log book, engine log book, print out for the engine alarm logger, print out of the engine order telegraph and copy of the bridge bell book, among other things, but does not limit the time period. Rather, it is a broad request to obtain an expansive amount of information and documents which again suggests that YM is attempting to "engage in a wholesale fishing expedition," to obtain unknown evidence. *See In re Certain Investor in EFT Holdings Inc. to Perpetuate Testimony of Mr. Jack Qin Under FRCP Rule 27*, 2013 WL 3811807, at *3; *O'Leary*, 63 F.3d at 936.

**2.     The Evidence Has Already Been Copied and Preserved by Owners and Therefore Any Claims that Failure to Perpetuate Evidence Will Result in a Failure of Justice Are Moot.**

There is no need to perpetuate anything due to the fact that relevant documentary evidence and electronic data have been copied and preserved and Owners are willing to produce relevant, non-privileged documents within its custody and control, allow a reasonable inspection of the on deck cargo spaces and have a representative explain the documents to YM's surveyor. In deciding whether to grant

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 1860
Long Beach, California 90831
Telephone (562) 317-3300

discovery under Rule 27, courts consider whether there is "some special consideration that makes the need to perpetuate testimony [or evidence] particularly urgent." *Tennison v. Henry*, 203 F.R.D. 435, 441 (N.D. Cal. 2001). Simply citing a general concern that evidence may be lost or destroyed is "'at best, vague and conclusory' and will not support a Rule 27 petition." *In re Certain Investor in EFT Holdings*, 2013 WL 3811807, at *3 (quoting *In re Landry-Bell*, 232 F.R.D. 266, 267 (W.D. La. 2005)). Once petitioner has made an "objective showing" that evidence being sought may be lost or damaged, only then, may the court grant discovery under Rule 27 "if it is satisfied that a failure or a delay of justice may thereby be prevented." *Id.* (quoting *In re Yamaha Motor Corp., U.S.A.*, 251 F.R.D. 97, 98-99 (N.D.N.Y. 2008)).

Merely alleging that documents or information is at risk of being destroyed by a prospective adverse party is not enough to justify a Rule 27 order. *See Hanna*, 2015 WL 12830400, at *1. In *Hanna v. Hall*, the United States District Court for the Central District of California denied a petition to perpetuate testimony on the basis that the petitioner failed to allege why the requested testimony was at risk for being lost or destroyed. *Id.* While the petitioner vaguely cited to concerns of "potential spoliation of evidence," they failed to articulate any particular need to preserve evidence prior to the complaint being filed. *Id.* This Court did not find these concerns persuasive particularly in light of the fact that federal law imposes a duty on future litigants to preserve evidence. *Id.* Since the petitioner failed to demonstrate how the procedures mandated by federal law would be insufficient, the Court held that the "petitioner had failed to meet his burden under Rule 27." *Id.* at *2; *see also In re Certain Investor in EFT Holdings*, 2013 3811807, at *5 (denying a request to produce certain documents because a litigation hold was already in place and petitioner could only articulate a general fear that the adverse party was attempting to destroy evidence).

Here, YM anticipates that the Owners will be litigants in anticipated lawsuits filed by cargo owners against YM in the United States District Court for the Southern

District of New York as adverse third party defendants. Declaration of Galin G. Luk at ¶ 15. YM points to these future proceedings in the Southern District of New York as its basis for perpetuating evidence under Rule 27.   If YM expects Owners will be subject to litigation in the Southern District of New Year, YM fails to demonstrate why it needs to obtain the documents and/or deposition testimony in this forum.  Thus, by seeking to perpetuate the evidence now, YM again, seeks to use Rule 27 as a substitute for pre-trial discovery even though they have conceded that evidence sought has already be copied and preserved. Citing to a "general concern" that evidence may be destroyed or lost, while simultaneously conceding that evidence has already been preserved and may be available when the Owners are sued by YM in the Southern District of New York,  is not enough to justify a Rule 27 request. *Id.* (quoting *In re Landry-Bell*, 232 F.R.D. at 267 (W.D. La. 2005)).

YM generally states that "peripatetic and ever-changing conditions of ocean-going vessels," warrants their request and cites to a few opinions that have found that perpetuation of evidence was necessary where foreign vessels call to U.S. ports, but those cases are inapplicable here. Cases cited by YM all involved circumstances in which evidence or testimony that was relevant to the future proceeding was at risk of being lost or destroyed. *See, e.g.*, *In Application of Deiulemar Compagnia Di Navigazione S.p.A v. M/V Allegra*, 198 F.3d 473 (4th Cir. 1999) (ordering inspection of the vessel was set to be repaired and the present condition of the ship needed to be preserved); *In re Raffles Shipping International PTE*, No. 10-0693-MLCF-SS, 2010 WL 819820 (E.D. La. Mar. 4, 2010) (ordering the perpetuation of testimony of the Master and Chief Engineer who were present on the vessel at the time of the incident and had personal knowledge of the matter that gave rise to future litigation); *In re Campania Chilena de Navegacion*, No. 03 Civ. 5382, 2004 WL 1084243 (E.D.N.Y. Feb. 6, 2004) (ordering the perpetuation of certain crew members who were present on the vessel at the time of the incident that gave rise to future litigation); *Phibro*

*Commodities v. M.V. Rizcun Trader*, No. 97-CV-2058, 1997 WL 583206, at *1 (E.D. Pa. Mar. 26, 1997) (same).

Here relevant evidence has been preserved by Owners and is not at risk of being lost or destroyed.  Following the casualty on the high seas, the Vessel called at Kobe, Japan to undergo repairs, discharge damaged containers and replace damaged lashing materials.  There is simply no need to perpetuate anything in this district.

## B.   YM's Request for Production of Discovery Under § 1782 Fails to Meet the Statutory Requirements and Is Unduly Burdensome.

An applicant seeking to product evidence under § 1782 must satisfy three statutory elements: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)). Here, YM has failed to establish that both the Owner and Charterer are "found" within the district, and that discovery sought will be used in a foreign tribunal as required by § 1782.

However, even if these elements can be satisfied the court still considers four factors laid out by *Intel Corp. v. Advanced Micro Devices, Inc.* when exercising its discretion to grant discovery under § 1782. 542 U.S. 241, 264-65 (2004). While three of the factors may "marginally" weigh in favor of YM, the intrusive and burdensome nature of the requests far outweighs any benefit to YM.

### 1.   YM Has Failed to Establish that Owners Are Found Within the District for Purposes of § 1782.

An applicant seeking to produce evidence under § 1782 must satisfy three statutory elements: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 1860
Long Beach, California 90831
Telephone (562) 317-3300

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 1860
Long Beach, California 90831
Telephone (562) 317-3300

1  application is made by a foreign or international tribunal or 'any interested person.'"

2  *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

3        First, while the vessel and her crew are "found" within the district for purposes

4  of § 1782, YM has made no showing that the Owners are found within this district.

5  "Found" for purposes of § 1782 does not have a precise definition. *In re Del Valle*

6  *Ruiz*, 342 F. Supp. 3d 448, 452 (S.D.N.Y. 2018). Case law suggests that while it is

7  unclear if the application of § 1782 is predicated on whether the court has personal

8  jurisdiction, discovery ordered under § 1782 must, minimally, comport with

9  constitutional due process. *In re Sargeant*, 278 F. Supp. 3d 814, 820 (S.D.N.Y. 2017).

10  To be sure, a vessel and her crew are "found" when they are physically present in the

11  district and are therefore subject to the reach of § 1782. *In re Campania Chilena de*

12  *Navegacion*, No. 03 CV 5382(ERK), 2004 WL 1084243, at *4 (E.D.N.Y. Feb. 6,

13  2004). However, for a court to compel a foreign corporation to produce evidence,

14  when the corporation is neither headquartered or incorporated within the particular

15  district, the corporation must have a systematic and continuous presence within the

16  district. *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1035

17  (N.D. Cal. 2016) (quoting *In re Godfrey*, 526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007));

18  *see also In re Sargeant*, 278 F. Supp. 3d at 821 (holding that to be "found" in a district

19  under § 1782 a corporate entity's contacts with the district must be so significant as

20  to render the entity at home in the district).

21        Here, there has been a failure of proof.  There has been no showing by YM that

22  the Owners are "found" within the district for purposes of Section 1782.

23        Second, in order to meet the statutory elements of § 1782 the applicant  must

24  also show that "the discovery is 'for use in a proceeding in a foreign or international

25  tribunal.'" *Khrapunov*, 931 F.3d at 925 (9th Cir. 2019) (quoting § 1782(a)). U.S.

26  District Courts and Circuit Courts have come to varying conclusions in terms of

27  whether a foreign arbitral tribunal is a "foreign tribunal" for purposes of § 1782. As

28

noted by YM, the United States Supreme Court is set to consider the matter to resolve the circuit split. However, it should be noted that the Central District of California has previously held that § 1782 does not apply to foreign arbitral proceedings. *See e.g.*, *In re Dubey*, 949 F. Supp. 2d, 990, 992 (C.D. Cal. 2013); *In re Golden Root Investments PTE*, No. EDMC 19-11 JGB(KKx), 2019 WL 8011743, at *1 (C.D. Cal. Sept. 6, 2019).[1] Thus, we submit that YM's request to produce evidence and testimony for use in future proceedings before the LMAA exceeds the scope of § 1782.

Even for sake of argument foreign arbitral tribunal is a foreign tribunal within the meaning of § 1782, YM has failed to show that testimony and evidence sought is *relevant* to any future proceedings in a foreign tribunal. To do so, the applicant "must show that the discovery sought is *relevant* to the claims and defenses in the foreign tribunal." *Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101, 1110 (N.D. Cal. 2018) (emphasis added); *see also Digital Shape Techs., Inc. v. Glassdoor, Inc.*, No. 16-MC-80150-JSC, 2016 WL 5930275, at *3 (N.D. Cal. Oct. 12, 2016) ("The party issuing the subpoena has the burden of demonstrating the relevance of the information sought.").

YM has failed to demonstrate how testimony and documents sought are relevant to any future proceedings that may occur before the LMAA tribunal. First, the current Master and Chief Officer were not on the Vessel at the time of the incident and therefore are not percipient witnesses to the incident.  To compel testimony of the Master and Chief Officer under these circumstances would not only be unnecessary, but, as discussed at length below, would unduly burden the officers and subject them and the crew of the Vessel to an unreasonable risk of exposure to COVID-19.

---

[1] We note that the same matter is before the United States Court of Appeals for the Ninth Circuit in *HRC-Hainan Holding Co., LLC v. Yihan Hu*, and is currently being held in abeyance pending the Supreme Courts resolution. No. 20-15371, 2020 WL 906719 (N.D. Cal. Feb 25, 2020).

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 1860
Long Beach, California 90831
Telephone (562) 317-3300

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 1860
Long Beach, California 90831
Telephone (562) 317-3300

Additionally, as discussed above, the expansive request of YM captures any and all documents and electronically stored information that are wholly irrelevant to the casualty subject to future proceedings.

### 2. Even if YM Satisfies the Statutory Requirements of § 1782, YM's Request is Unduly Burdensome Because it Is Not Narrowly Tailored, Requests Confidential Information, and Imposes an Unreasonable Risk of Exposure to COVID-19 onto the Crew.

Even if the all the statutory prerequisites to § 1782 are found to be met, YM's request for production of evidence should be denied for being unreasonably intrusive and burdensome. While the other three *Intel* factors weigh "marginally" in favor of YM, the scope of the request is so burdensome and broad that it outweighs the remaining three *Intel* factors, and results in only a marginal benefit to YM. A request that is not narrowly tailored and requests confidential information is both burdensome and intrusive. *In re Ex Parte Qualcomm*, 162 F. Supp. 3d at 1043. Section 1782 may not be used as a broad "fishing expedition" for information that is irrelevant to any future proceeding. *Id.* Moreover, requests must be proportional and consider whether the benefits outweigh the burden or expense and the parties' access to relevant information. *Id.* (quoting 2015 Amendments to the Federal Rules of Civil Procedure).

YM's application requests that its surveyor be given access to the ship to inspect and copy large swaths of documents and electronically stored data. This would impose an unreasonable risk of exposure to COVID-19 onto the crew. YM's request, which imposes an unreasonable exposure risk, has almost no benefit to YM, particularly in light of the fact that the Owners are willing to handover relevant, non-privileged documents on Applicants' modified list within a reasonable time subject to an agreement on narrowing the scope of some of the requests. Owners are also willing to allow its surveyor access to the ship to inspect the on deck cargo spaces so long as the surveyor complies with a reasonable protocol for the safety of the surveyor and crew, including the ship's COVID-19 protocols. This includes, wearing a mask at all

OPPOSITION TO YANG MING'S PETITION

times, limiting inspection to on deck cargo spaces only, and staying away from the crew and the enclosed spaces on the ship including the bridge, ship offices, accommodations and engine room.

To the extent that YM requests someone to explain the documents produced, Owners are willing to have a superintendent of the managers explain the documents to the surveyor.

Additionally, any testimony sought from the Master and Chief Officer is unnecessary given the offer to provide a superintendent to explain the documents. The Master and Chief Officer are Romanian and English is not their first language. They were not percipient witnesses to the casualty and the potential exposure to COVID-19 outweighs any benefit to YM. The present crew work and live in a safe bubble to limit COVID-19 exposure. If a crew member contracts COVID-19, the virus could spread quickly on the Vessel because the crew works and live in close proximity. Compounding this risk, is the lack of emergency treatment available while the Vessel is at sea and the Vessel will have difficulty entering a port with an infected crew member.

Additionally, the urgency of the matter, alleged by YM, is completely undercut by the fact that the Vessel is not leaving the port imminently. Due to severe congestion in our port, the Vessel sits at anchorage. When she is free to berth, she will discharge her containers in Long Beach and depart for Oakland, her next port of call. Thus, there is no reason to have multiple third parties board the ship *immediately*, for a substantial period of time, when evidence has already been preserved and will be ready to be turned over to YM within a reasonable amount of time.

//

//

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 1860
Long Beach, California 90831
Telephone (562) 317-3300

## V.   CONCLUSION

For these reasons set forth above, YM's petition for relief pursuant to Fed. R. Civ. P. Rule 27 and the application for relief pursuant to 28 U.S.C. § 1782  should be denied.

Dated:  April 8, 2021                           COLLIER WALSH NAKAZAWA LLP


                                                By:      /s/ Alan Nakazawa
                                                    Alan Nakazawa
                                                    Attorneys for Chidori Ship Holding LLC,,
                                                    Jessica Ship Holding SA, and the Master
                                                    and crew of the M/V ONE APUS

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 1860
Long Beach, California 90831
Telephone (562) 317-3300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28